UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON, | 1:16-cv-00670-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR ENFORCEMENT OF JUDGMENT AND MOTION TO VACATE SENTENCE (ECF Nos. 16, 18.) |
| vs. | |
| FEDERAL BUREAU OF NARCOTICS, et al., | |
| Defendants. | |

## I. BACKGROUND

Erick D. Henson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 2, 2016. (ECF No. 1.) On March 20, 2017, Plaintiff filed a First Amended Complaint as a matter of course, which awaits the court's screening under 28 U.S.C. § 1915A. (ECF No. 17.)

On October 13, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 9, 2017, Plaintiff filed a motion for enforcement of judgment. (ECF No. 16.) On March 20, 2017, Plaintiff filed a motion to vacate his sentence. (ECF No. 18.) Plaintiff's motions are now before the court.

## II.    MOTION FOR ENFORCEMENT OF JUDGMENT

Plaintiff requests judgment on his Fourth Amendment claim in this case. Plaintiff also requests a subpoena for production of documents from a third party, Appleby & Company, Inc.

Plaintiff's request for issuance of a subpoena is premature, because discovery has not been opened in this case. Plaintiff may not conduct discovery until after the court has issued a scheduling order opening discovery and setting out pretrial dates for the parties. As a rule, the court issues its scheduling order after the complaint has been served and the defendant has filed an Answer to the complaint. At this stage of the proceedings, Plaintiff's First Amended Complaint awaits the court's requisite screening process. Therefore, it is not time for discovery and Plaintiff's request for a subpoena shall be denied as premature.

Plaintiff requests the court to expedite the ruling in this case. Plaintiff's case is not ready for resolution at this stage of the proceedings and preliminary proceedings must be completed before a decision can be made. Therefore, Plaintiff's motion for judgment on his Fourth Amendment claim shall be denied as premature.

## III.    MOTION TO VACATE SENTENCE

Plaintiff requests the court to vacate his sentence. Such relief is not available in this § 1983 case. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973) (holding that an injunctive relief action to restore the revocation of good-time credits is not cognizable under § 1983); <u>see also</u> <u>Skinner v. Switzer</u>, 131 S. Ct. 1289, 1293 (2011); <u>Simpson v. Thomas</u>, 528 F.3d 685, 692-93 (9th Cir. 2008). In <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the

///

invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. Heck, 512 U.S. at 487.

Plaintiff alleges that he was wrongly given a sentence with "a two-year enhancement for a 2010 sentence." (ECF No. 18 at 2.) Such claim necessarily implies the invalidity of his sentence, and success on the claim would entitle him to an earlier release. Thus, Plaintiff's only federal remedy is a writ of habeas corpus. Therefore, Plaintiff's motion to vacate his sentence shall be denied.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for enforcement of judgment, filed on February 9, 2017, is DENIED as premature; and
2. Plaintiff's motion to vacate his sentence, filed on March 20, 2017, is DENIED.

IT IS SO ORDERED.

Dated: **June 15, 2017**               **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE