UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>FEDERAL BUREAU OF NARCOTICS, et al.,<br><br>    Defendants. | 1:16-cv-00670-GSA-PC<br><br>**FIRST SCREENING ORDER**<br>**(Resolves ECF No. 24.)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (ECF No. 17.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

**I.    BACKGROUND**

    Erick D. Henson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 2, 2016. (ECF No. 1.)

    On October 13, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

    On March 20, 2017, Plaintiff filed a First Amended Complaint as a matter of course, which is now before the court for screening under 28 U.S.C. § 1915A. (ECF No. 17.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. Neitzke v. Williams, 490 U.S. 319, 327–30 (1989); Muhammad v. Phoenix Police Dept., 2008 WL 447523, at * 1 (D.Ariz. Feb. 14, 2008). A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992) (dismissal also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional."); see also

Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). A complaint is "frivolous" within the meaning of § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke, 490 U.S. at 325.

## III. FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the First Amended Complaint allegedly occurred at the Lerdo Pre-Trial Facility (Lerdo) in Bakersfield, California, when Plaintiff was housed there in the custody of the Kern County Sheriff. Plaintiff names as defendants the Federal Bureau of Narcotics, Rajesh Dhillon, Judge John S. Somers, Warden Felix Vasquez, the California Department of Corrections and Rehabilitation, Rebecca Barron, Lerdo Pre-Trial Facility, Sagebrush Pharmacy, Kern Medical Center, Kern Family Health Care, and Mary Kay Shell (collectively, "Defendants").

Plaintiff divides his allegations into five separate claims, as follows.

### Claim 1

While Plaintiff was a pre-trial detainee at Lerdo pending court action on charges such as possession of a stolen vehicle, he was placed in a situation that caused him to be subject to an unruly search and procedure process. The courts use this practice to investigate or prepare evidence for an ongoing investigation. Plaintiff alleges that a foreign object was placed in or on his body, such as an Impairment Instrument FCC § 63.71 AT&T Corp., which the courts use with PACER. This relates to the DPO:RJA chrono that Plaintiff has for an Intermittent Wheelchair or backpack on his person with the courts pursuant to 1546.1(c)(3). Plaintiff is the only authorized user of this device, constantly being monitored and eavesdropped on by the DAPO or other entity. This is in violation of Title 15 §§ 3541-3544 and infringes on Plaintiff's property rights. Plaintiff suffered two broken arms by Dan Troung and an unnamed officer during such search and seizure tactics and broke Plaintiff's right wrist and delayed medical care.

///

///

**Claim II**

A DPO:RJA is a device that is in Plaintiff's body on his person, prior to his conviction in his cases BF161841A and BF158730A relating to previous charges causing concern that Fed. R. Civ. P. 23 was and is being used to prepare evidence and illegally search Plaintiff. The entity housing Plaintiff in connection with the sentencing courts is using such device to cause concern that 9 claims by witnesses against him were at issue, using the device to convict Plaintiff illegally on his current sentence. All supporting documents are in Plaintiff's C-file. This subjects Plaintiff to double jeopardy punishment and deprives him of life, liberty, and property. Plaintiff was injured by "being impaled by a foreign object such as a Narcotic 'vessel' relating to the Phrase BackPackMultiple Digestive Problems amongst Defamation to Character in Retaliation of such § 63.71." (ECF No. 17 at 4 ¶II.3.)

**Claim III**

On October 13, 2015, Plaintiff was arrested by Officer James Dillon #835 B.P.D. Plaintiff lay unconscious in the middle of the street. Bakersfield and Kern County were aware of Plaintiff's whereabouts and the severity of the medical attention needed. The officer ignored this and placed Plaintiff in handcuffs and transported him to central booking. The fact that Fed. R. Civ. P. 23 was being utilized to investigate Plaintiff shows the negligence of failing to call medical-ambulance or treat Plaintiff's wounds such as broken limbs. This was an obvious way to punish him, which shows deliberate indifference to his medical care, and treatment was delayed for 3 1/2 months. No cast was ever given to Plaintiff, even after the broken limb was diagnosed, causing deformity to his limbs and constant grief, shame, humiliation, etc. The actions of these officers caused deformity of his limbs from delayed medical care, and Plaintiff suffered emotional distress from continuous monitoring in violation of Title 15 §§ 3541, 3544.

**Claim IV**

Plaintiff alleges that his rights were violated under the Third Amendment -- Conditions for Quartering of Soldiers -- because he was not paid wages under his contract with the courts to use the DPO:RJA Wheelchair/Backpack pursuant to 1546.1(c)(3). Plaintiff claims he is entitled to basic necessities such as wages paid for such work performed in times of war

relating to the Fifth Amendment violation to the Tort. Pursuant to Title 15 § 3334 Plaintiff is being held on a 2 for 2 credit status which constitutes punishment in the SHU or ASU and shall "NOT" continue for more than 10 days in a 30-day period. (ECF No. 17 at 8 ¶2.) Plaintiff has been placed on this status since the day the court sentenced him under the foreign entity's use of AT&T Corp. FCC wireline § 63.71 with the courts. Therefore, Plaintiff should receive back pay and supplies "for such issues relating to ADA II Title 42 USCA 12.3 and such authority which is in contempt of court housing Plaintiff held liable for infringing upon his copyrighted, patented instrument with the courts under Hope & Anchor with the 1-661-589-6920 line pursuant to 63.71." (ECF No. 17 at 9 ¶3.) Plaintiff alleges that a fine should be assessed as deemed appropriate by the courts and also for deliberate indifference of such Fed. R. Civ. P. 23 being a Fourth Amendment rule violation . . . Plaintiff was injured by the inaction of the entity to un-impair such device 63.71 previously listed with the courts in action 2:16-cv-00643-AC. Plaintiff suffered pain, loss of sleep, embarrassment, loss of wages, loss of appetite, shame, and humiliation from such streamlined information through the Spirit de Courps [*sic*] procedures now needing medical care to make his spirit and body whole again.

**Claim V**

Disciplinary Proceedings. Plaintiff alleges he is placed in a 2 for 2 credit status, which qualifies as a SHU punishment. Plaintiff's conviction was illegally placed by the courts of Kern County, Bakersfield, California, by Judge John S. Somers who knowingly placed a private punishment such as an Enhancement 667.5(e) on Plaintiff's person to enhance his sentence x2 which does not even show the two year enhancement. His minute order shows a 4-6-8 plea as a low term of 4. That is incorrect, he was offered a 2-3-4 year plea, low term of 2 years given doubled up to 4 for an "Enhancement" however under 1170(h)(3) was immune from such enhancements. (ECF No. 17 at 11 ¶2.) Plaintiff alleges that he is being punished by an instrument being placed on his person to continuously monitor him without a warrant, violating his rights.

///

///

**Request for Relief**

Plaintiff requests as relief disability payments, past wages, medical care, insurance to "make my persons whole and treat much needed wounds incurred during times of battle," and legal fees. (ECF No. 17 at 10.)

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Crowley, 678 F.3d at 736 (internal citations omitted).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th

Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. **Unrelated Claims – Violation of Rule 18**

Plaintiff alleges multiple claims in the First Amended Complaint that are largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In this instance, Plaintiff's First Amended Complaint describes four unrelated events concerning: (1) Inadequate medical care; (2) Illegal conviction; (3) Monitoring device used by courts; and (4) Housing in the SHU. Plaintiff is not be permitted to pursue unrelated claims in this action. Plaintiff shall be granted leave to amend. In amending, Plaintiff should determine which related claims he wishes to pursue and re-allege those claims only. If Plaintiff's Second Amended Complaint also violates Rule 18(a) despite this admonition, the court will decide which claims, if any, shall proceed in this action.

**B.     Linkage Requirement, Personal Participation, and Supervisory Liability**

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743. In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Id. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Here, Plaintiff has not linked any conduct by defendants Rajesh Dhillon, Warden Felix Vasquez, Rebecca Barron, or Mary Kay Shell to a violation of Plaintiff's rights. Plaintiff does not allege that any of these defendants did anything for which they can be held liable under § 1983. Therefore, Plaintiff fails to state any claims against defendants Rajesh Dhillon, Warden Felix Vasquez, Rebecca Barron, or Mary Kay Shell under § 1983.

Similarly, Plaintiff fails to link defendants Federal Bureau of Narcotics, Lerdo Pre-Trial Facility, Sagebrush Pharmacy, Kern Medical Center, or Kern Family Health Care to the violation of his rights under § 1983.

## C. **Defendant CDCR – Eleventh Amendment Immunity**

Plaintiff names California Department of Corrections and Rehabilitation (CDCR) as a defendant. Plaintiff is advised that he may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR.

## D. **Illegal Conviction and Judicial Immunity**

Plaintiff claims that his conviction by Judge John S. Somers in the courts of Kern County, Bakersfield, California, is illegal. Relief on this claim is not available in this § 1983 case unless Plaintiff can demonstrate that the conviction or sentence has previously been invalidated. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973) (holding that an injunctive relief action to restore the revocation of good-time credits is not cognizable under § 1983); see also Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011); Simpson v. Thomas, 528 F.3d 685, 692-93 (9th Cir. 2008). In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable

under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. Heck, 512 U.S. at 487. Plaintiff has not alleged that his conviction was invalidated. Therefore, Plaintiff's claim concerning the illegality of his conviction must be dismissed from this action.

Moreover, the court need not reach the substance of Plaintiff's claim because it is readily apparent that defendant Judge John S. Somers is immune from liability. Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923. It is well established that "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . . Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Here, the acts for which Plaintiff seeks to hold the judge liable clearly meet the test for judicial action taken within the judge's jurisdiction. Therefore, Plaintiff fails to state a claim against defendant Judge John S. Somers.

**E.** **Claims Based on Illegal Monitoring Device**

A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them, id., and legal frivolousness justifies dismissal where a complaint is based on "an indisputably meritless legal theory[.]" Neitzke, 490 U.S. at 325. "To this end, [28 U.S.C. § 1915A] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 328.

Plaintiff's allegations that he is being monitored by the courts using an illegal instrument are plainly frivolous because they lack even "arguable basis either in law or in fact," and appear "fanciful," "fantastical," or "delusional." Id. Therefore, Plaintiff's claims based on the court monitoring him with an illegal device, including claims that he is owed back wages because of the monitoring and that his property rights in the device were violated, shall be dismissed as frivolous, without leave to amend.

### F. Due Process – Detention in Security Housing Unit (SHU)

To the extent that Plaintiff brings a due process claim because he is housed in the SHU, Plaintiff fails to state a claim. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

///

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff alleges that he was housed in the SHU. This allegation, without more, does not rise to the level of an atypical and significant hardship to establish the existence of a protected liberty interest in remaining free from the SHU. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir. 1996). It is true that "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone." Chappell v. Mandeville 706 F.3d 1052, 1061 (9th Cir. 2013) (citing Wilson v. Seiter, 501 U.S. 294, 304, 111 S.Ct. 2321 (1991)). But this only applies when the conditions "have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." Chappell, 706 F.3d at 1061. Plaintiff has not alleged the deprivation of any such need here.

Moreover, Plaintiff does not allege any specific injury caused by conditions in the SHU. The fact that conditions there do not mimic those afforded the general population does not trigger due process concerns. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on detention in the SHU.

### G. Medical Claim – Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant

12

injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . .

///

and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that he did not receive adequate medical care for broken arms and a broken ankle because Officer James Dillon, who found him injured and arrested him, did not call an ambulance or call for medical treatment and instead transported him to central booking. Plaintiff also alleges that his medical treatment was delayed for 3 1/2 months, and that he was not given a cast even after a broken limb was diagnosed. Plaintiff alleges that he suffered pain and deformity to his limbs.

Plaintiff may be able to state a medical claim. However, Plaintiff has not alleged facts showing that any named defendant knew that Plaintiff had a serious medical need and yet knowingly ignored it, acting unreasonably and causing Plaintiff harm. Plaintiff shall be granted leave to file another amended complaint addressing the deficiencies in this claim.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court will dismiss the First Amended Complaint and give Plaintiff leave to file a Second Amended Complaint addressing the issues described above, as instructed by this order.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

The Second Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by his or her actions. Id. at 676-77 (emphasis added). Plaintiff should not include legal authority or evidentiary matter.

///

14

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 605. As discussed above, Plaintiff may not include unrelated claims in the same lawsuit. Plaintiff's claims based on an illegal monitoring device used by courts shall be dismissed without leave to amend, and Plaintiff must omit those claims from the Second Amended Complaint. Plaintiff's remaining claims, for (1) illegal conviction, (2) medical care, and (3) housing in the SHU, are unrelated and may not be included in the same case. Plaintiff must bring only one of those three claims in the Second Amended Complaint. Furthermore, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the original Complaint, May 2, 2016.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is DISMISSED for failure to state a claim, with leave to amend;
2. Plaintiff's claims based on an illegal monitoring device used by the court, including his claims that he is owed wages because of the monitoring, and that his property rights to the device were violated, are dismissed from this action as frivolous, without leave to amend;
3. Plaintiff's remaining claims are dismissed for failure to state a claim, with leave to amend;
4. The Clerk's Office shall send Plaintiff a civil rights complaint form;

///
///

5. Plaintiff is granted leave to file a Second Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

6. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-00670-GSA-PC; and

7. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

    Dated: **September 27, 2017**         **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE