UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FEDERAL BUREAU OF NARCOTICS, et al.,<br><br>　　　　Defendants. | 1:16-cv-00670-GSA-PC<br><br><u>SCREENING ORDER</u><br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR VIOLATION OF LOCAL RULE 220, WITH LEAVE TO AMEND<br>(ECF No. 26.)<br><br>THIRTY-DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT |

**I.　　BACKGROUND**

　　Erick D. Henson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 2, 2016. (ECF No. 1.)

　　On October 13, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1

On March 20, 2017, Plaintiff filed a First Amended Complaint as a matter of course. (ECF No. 17.) On September 29, 2017, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 25.) On October 18, 2017, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (ECF No. 26.)

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

///

## III. SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the Second Amended Complaint allegedly occurred during Plaintiff's arrest and subsequent detention at the Lerdo Pre-Trial Facility in Bakersfield, California, when Plaintiff was housed there in the custody of the Kern County Sheriff. Plaintiff names as defendants Bakersfield Police Officer James Dillon, Lerdo Pre-trial Medical, RN Kathe Lundgren, Federal Bureau of Narcotics, Sage Brush Pharmacy, and Kern County Dept. of Public Health (collectively, "Defendants").

Plaintiff begins his supporting facts in the Second Amended Complaint with the statement, "On 10-13-15 I was apprehended by the named officer as described in original complaint." (ECF No. 26 at 3.) Under Local Rule 220, Plaintiff may not bring allegations in this manner.

## IV. LOCAL RULE 220 – AMENDED PLEADINGS

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself *without reference to the prior or superseded pleading*. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

L.R. 220 (emphasis added).

Plaintiff's Second Amended Complaint makes reference to allegations he made in his original Complaint, without re-stating all of the prior allegations in the Second Amended Complaint. Plaintiff may not incorporate allegations from his superceded original Complaint into his Second Amended Complaint by simply referring to them in the Second Amended Complaint. If Plaintiff wishes to bring the same or similar allegations again, he must re-state those allegations in the new amended complaint. Under Rule 220, the new amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220. Therefore, Plaintiff's Second Amended Complaint shall be dismissed for violation of Local Rule 220, with leave to file a Third Amended Complaint.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Second Amended Complaint violates Local Rule 220. The court will dismiss the Second Amended Complaint and grant Plaintiff leave to file a Third Amended Complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file another amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Third Amended Complaint within thirty days. The Third Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by his or her actions. Id. at 676-77 (emphasis added). Plaintiff should not include legal authority or evidentiary matter.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 605. Plaintiff may not include unrelated claims in the same lawsuit. Also, Plaintiff is reminded that his claims based on an illegal monitoring device used by courts were dismissed without leave to amend on September 27, 2017, and Plaintiff is not permitted to bring those claims again in the Third Amended Complaint. Furthermore, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the original Complaint, May 2, 2016.

As discussed above, an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint is DISMISSED for violation of Local Rule 220, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a Third Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:16-cv-00670-GSA-PC; and
5. If Plaintiff fails to file a Third Amended Complaint within thirty days, this case shall be dismissed.

IT IS SO ORDERED.

Dated: **November 6, 2017**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE