UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON,<br><br>         Plaintiff,<br><br>   vs.<br><br>FEDERAL BUREAU OF NARCOTICS,<br>et al.,<br><br>         Defendants. | 1:16-cv-00670-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT THIS CASE<br>BE DISMISSED, WITH PREJUDICE,<br>FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 28.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN<br>FOURTEEN DAYS** |

**I.      BACKGROUND**

Erick D. Henson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 2, 2016.  (ECF No. 1.)  On March 20, 2017, Plaintiff filed a First Amended Complaint as a matter of course.  (ECF No. 17.)

On September 27, 2017, the court screened the First Amended Complaint and dismissed it for failure to state a claim, with leave to amend.  (ECF No. 25.)  On October 18, 2017, Plaintiff filed the Second Amended Complaint.  (ECF No. 26.)  On November 6, 2017, the

court screened the Second Amended Complaint and dismissed it for violation of Local Rule 220, with leave to amend. (ECF No. 27.) On November 27, 2017, Plaintiff filed the Third Amended Complaint, which is now before the court for screening. (ECF No. 28.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. THIRD AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the Third Amended Complaint allegedly occurred in Bakersfield, California, before and after Plaintiff's confinement at the Lerdo Pre-

trial Facility, in the custody of the Kern County Sheriff. Plaintiff names as defendants the Federal Bureau of Narcotics and the Sagebrush Clinic Pharmacy.

Plaintiff's allegations follow.

Plaintiff alleges that at an undisclosed time he entered into an agreement pursuant to 830,803.5, which relates to Defendants. On or about October 13, 2015, Plaintiff was pursuing normal activities when he sustained a mutual combat 10/8 wound such as a broken arm and bruised extremities, etc. Authorities were called, and Kern County Officer James Dillon arrived. Officer Dillon should have assessed injuries and called for EMT if needed, but he failed to do so. Plaintiff was placed in handcuffs but was not given medical care, although it was obvious that injuries were sustained and were noted. Without treatment for months, Plaintiff's limb became deformed.

Plaintiff alleges that his injuries and medical care were related to the procedure used for investigative purposes under Fed. R. Civ. Pro. 23, used by the Sagebrush Clinic Pharmacy. Plaintiff has documented injuries which were untreated until he developed a permanent left arm deformity. The investigation practice violates Plaintiff's authorized permission to "utilize such tool pursuant to my action listed with the courts, in doing so, violates medical privacy laws." (ECF No. 28 at 4 ¶2.) Plaintiff alleges that "being housed at and treated with a disability and/or impairment problem under Armstrong Remedial Plan II is actually used as a private punishment from such defendants and/or entity which has led to much emotional distress from extended periods of confinement." (Id. at 5 ¶2.) Plaintiff seeks to be "free from eavesdropping, recording and/or [continuous monitoring] to shame, embarrass, or humiliate such persons." (Id.) Plaintiff alleges that his Fourth and Fifth Amendment rights were violated, "causing severe abdominal pain with no assistance whatsoever to fix the problem." (Id.)

Plaintiff requests injunctive relief only.

///

///

///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Crowley, 678 F.3d at 736 (internal citations omitted).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.      Federal Actor – Defendant Federal Bureau of Narcotics

Plaintiff names as defendant the Federal Bureau of Narcotics, a federal agency. Suits against the government are barred by sovereign immunity absent an unequivocally expressed waiver. Russell v. U.S. Dept. of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999) (citing Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 734 (1982) (stating that suits against the government may proceed "only if Congress has consented to suit; a waiver of the traditional sovereign immunity cannot be implied but must be unequivocally expressed" (internal quotation marks and citations omitted)). Section 1983 provides no right of action against federal, rather than state, officials. Russell, 191 F.3d at 1019. Therefore, Plaintiff fails to state a claim under § 1983 against the Federal Bureau of Narcotics.

### B.      Defendant Sagebrush Clinic Pharmacy

Plaintiff names as defendant the Sagebrush Clinic Pharmacy in Bakersfield, California. Plaintiff may not sue the pharmacy as section 1983 plainly requires Plaintiff to demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff names no individuals who acted against him. Accordingly, Plaintiff fails to state a claim against the Sagebrush Clinic Pharmacy.

Additionally, to the extent Plaintiff intends to allege that any defendants are liable solely in their supervisorial capacity, he is advised that liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors

may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II, 479 F.3d at 1182; Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, Plaintiff has not linked any conduct by any defendant connected with the Sagebrush Clinic Pharmacy to a violation of his rights, or alleged that any such defendants did anything for which they can be held liable under § 1983.

Similarly, Plaintiff fails to link defendant Federal Bureau of Narcotics to the violation of his rights under § 1983.

### C.      Medical Claim – Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that he did not receive adequate medical care for a broken limb because Officer James Dillon, who found him injured and arrested him, did not call an ambulance or call for medical treatment and instead handcuffed him. Plaintiff also alleges that his medical treatment was delayed for months and as a consequence he suffered pain and deformity to his limb.

Plaintiff has not alleged facts showing that any named defendant knew that Plaintiff had a serious medical need and yet knowingly ignored it, acting unreasonably and causing Plaintiff harm. Therefore, Plaintiff fails to state an Eighth Amendment medical claim against any of the Defendants.

**D.    Fourth and Fifth Amendments, and Rights to Medical Privacy**

Plaintiff alleges that his rights under the Fourth and Fifth Amendments related to

"unruly search and seizure practices" were violated.  (ECF No. 28 at 4 ¶2.)  Plaintiff also alleges that "the investigation practice [used by the Sagebrush Clinic Pharmacy] . . . violates medical privacy laws."  (Id.)  This conclusory language fails to state a claim.

To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.  While factual allegations are accepted as true, legal conclusions are not.  Id. The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

Plaintiff has not alleged facts showing that any named defendant participated in an unreasonable search or seizure against him, or how his medical privacy was violated by an investigation.  Therefore, the court finds that Plaintiff has not stated any Fourth Amendment, Fifth Amendment, or medical privacy claims against any of the Defendants.

## V.       CONCLUSION AND ORDER

The court finds that Plaintiff's Third Amended Complaint fails to state any claim upon which relief may be granted under § 1983.  The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court.  Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983.  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.       This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;

2.       This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and

3       The Clerk be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff

may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 22, 2018**                              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE